UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID J AKERS,

    Plaintiff,

    v.

JAIME MARIE OSS,

    Defendant.

Case No. 3:25-CV-453-CCB-SJF

## **OPINION and ORDER**

David J. Akers filed a *pro se* complaint and *in forma pauperis* motion initiating this case on May 21, 2025. Pursuant to 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement [of a civil lawsuit] without pre-payment of fees [if] the person is unable to pay such fees . . . ." A person is unable to pay the filing fee if "because of [their] poverty [doing so would] result in the inability to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotations omitted).

When assessing an *in forma pauperis* motion, the court must first determine whether a plaintiff's complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). "Although [*pro se*] litigants . . . benefit from various procedural protections," including liberal construction of pleadings, they "are not entitled to [exemption] from the rules of procedure . . . ." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Fed. R. Civ. P. 8(a)(2) requires that complaints contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Claims cannot be stated against immune defendants. *See Olson v. Champaign Cnty., Ill.*, 784 F.3d 1093, 1095 (7th Cir. 2015). "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Akers alleges that LaPorte Superior Court Judge Jaime Marie Oss ignored evidence and made a fraudulent statement during a hearing on October 18, 2024, that led to a subsequent court order in a case in which Akers was a defendant—*Mary Jo Bentley v. David J. Akers*, Case Number 46D01-2407-RS-000026. Akers has not alleged any facts suggesting that Judge Oss acted in the absence of jurisdiction. Without any such facts, Judge Oss remains immune from suit.

Accordingly, Akers's motion to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE**. (ECF 2). Akers may file an amended complaint to comply with the federal rules and refile a motion to proceed *in forma pauperis* by **June 20, 2025**. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Any amended complaint must plead all facts regarding the events underlying Akers's claims, such as: the harm, who caused the harm, how they caused the harm, when they caused the harm, and the like. In other words, the amended complaint must plead sufficient facts to allow the Court and the defendant to understand there is a plausible claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Failure to comply with this deadline, plead federal jurisdiction, pay the

2

3

filing fee or file for *in forma pauperis* status, or file a rule compliant complaint will result in the dismissal of Akers's case without further notice. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

SO ORDERED on May 22, 2025.

                                              /s/*Cristal C. Brisco*
                                        CRISTAL C. BRISCO, JUDGE
                                        UNITED STATES DISTRICT COURT