UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID J. AKERS, | |
| Plaintiff, | |
| v. | Case No. 3:25-CV-453-CCB-SJF |
| JAIME MARIE OSS, ET AL., | |
| Defendants. | |

## **OPINION AND ORDER**

David J. Akers, proceeding *pro se*, timely filed an amended complaint (ECF 4) and refiled a motion for leave to proceed *in forma pauperis* (ECF 5) on June 9, 2025. The newly filed *in forma pauperis* motion, submitted on a standard *in forma pauperis* form, details that he has no income.

In his amended complaint, Akers alleges that on October 18, 2024, Defendant LaPorte Superior Court Judge Jaime Marie Oss enforced a void order dated July 19, 2023, from a Missouri court regarding child support and custody. (ECF 4 at 2). Akers contends that Judge Oss's enforcement order resulted in the suspension of his driver's license by Defendant Indiana Bureau of Motor Vehicles ("BMV") "forc[ing] him to cease all business activity as Carpet Tech, LLC resulting in economic hardship, damage to credit worthiness, emotional distress, anxiety, humiliation and reputational harm. (*Id.*). Akers states that Judge Oss's enforcement order and the BMV's suspension of his driver's license violated his due process rights by depriving him of notice and an opportunity to be heard. (*Id.*). Akers also names the State of Indiana Department of

Child Services ("DCS") as a defendant without alleging any facts specific to its role in this matter.

Akers seeks relief in the form of declarations that the July 2023 Missouri order is void for lack of personal jurisdiction due to improper service and that Judge Oss's October 2024 order is invalid for violating due process. (*Id*. at 5). He also asks this Court to enjoin Defendants from enforcing the Missouri order or any derivative orders and to award him compensatory damages for his financial loss, reputational harm, emotional distress, anxiety, humiliation, and loss of rights. (*Id.*).

As Akers was advised when the Court denied his original *in forma pauperis* motion, the Court "may authorize the commencement [of a civil lawsuit] without pre-payment of fees [if] the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1). A person is unable to pay the filing fee if "because of [their] poverty [doing so would] result in the inability to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotations omitted).

The Court must also determine whether his complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The Court has "ample authority to dismiss frivolous or transparently defective suits spontaneously." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). The Court construes Akers's amended complaint liberally but cannot exempt him from the applicable rules of procedure including Fed. R. Civ. P. 8(a)(2), which requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Jones v. Phipps*, 39 F.3d 158, 163 (7th

2

Cir. 1994). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition, Akers's amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

Like his original complaint, Akers's amended complaint alleges facts challenging Judge Oss's October 18, 2024, enforcement order in *Mary Jo Bentley v. David J. Akers*, Case Number 46D01-2407-RS-000026 before LaPorte Superior Court 1. Claims cannot be stated against immune defendants. *See Olson v. Champaign Cnty., Ill.*, 784 F.3d 1093, 1095 (7th Cir. 2015). "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Akers's amended complaint fails, like his original complaint, to allege facts that Judge Oss acted in the absence of jurisdiction. This Court also takes judicial notice of the public record in *Bentley v. Akers*, which establishes that Judge Oss had jurisdiction over Akers during those proceedings. Therefore, Judge Oss has absolute immunity for her judicial actions. Additionally, the public record in *Bentley v. Akers* shows that Akers appeared and was heard at the hearing on October 18, 2024, that resulted in the enforcement order Akers challenges in his amended complaint. Accordingly, Akers's amended complaint does not state a plausible claim against Judge Oss for violating his due process rights by depriving him of notice and an opportunity to be heard.

Akers's new claims against the BMV and DCS also fail to state a plausible claim for relief. The Court construes Akers's due process claims against them as claims

3

pursuant to 42 U.S.C. § 1983. "[N]either a state nor, by extension, a state agency, is a 'person' for the purposes of § 1983." *Sanders v. Ind. Dep't of Child Servs.*, 806 F. App'x 478, 480 (7th Cir. 2020); *see Will v. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). Therefore, neither the BMV nor the DCS is a "suable 'person' within the meaning of Section 1983," and Akers's claims against them must fail. *See id.*

This Court is also precluded from exercising jurisdiction over claims that seek review of state court decisions. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 464 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021). The *Rooker-Feldman* doctrine bars attacks on issues actually decided in state court and those "inextricably intertwined" with the state judgment. *Feldman*, 460 U.S. at 482–84 n.16. A claim is "inextricably intertwined" with a state court decision if the district court "is in essence being called upon to review the state court decision." *Id.* Through his amended complaint, Akers explicitly asks this Court to declare the Missouri court's July 2023 order void and to enjoin Judge Oss, the BMV, and the DCS from enforcing the Missouri order or any derivative orders. Construing Akers's amended complaint liberally, none of Akers's claims can be resolved without this Court reviewing the July 2023 Missouri state court decision. Therefore, Akers's claims are inextricably intertwined with a state court proceeding and cannot be heard by this Court.

For these reasons, the Court **DENIES** Akers's second Motion to Proceed In Forma Pauperis. (ECF 5). His amended complaint neither established jurisdiction nor stated any claims for which relief can be granted. Akers was already given an

opportunity to file an amended complaint that complies with the federal rules. (ECF 3 at 2). He was also warned that failure to "plead federal jurisdiction . . . or file a rule compliant complaint will result in the dismissal" of his case without further notice. (*Id.* at 3). Akers's amended complaint does not comply with the federal rules or plead federal jurisdiction. Accordingly, this case is **DISMISSED**. Akers's pending motion for protective order and temporary restraining order (ECF 6) is **DENIED AS MOOT**.

SO ORDERED on September 3, 2025.

                                        /s/*Cristal C. Brisco*
                                        CRISTAL C. BRISCO, JUDGE
                                        UNITED STATES DISTRICT COURT